**In the Matter of:**

**USA**
**v.**
**Sueiro**

**RCCC Term Day**

March 15, 2019



Phone: 703-837-0076
Fax: 703-837-8118
Toll Free: 877-837-0077

1010 Cameron Street
Alexandria, VA 22310
transcript@casamo.com

```
 1              UNITED STATES DISTRICT COURT

 2           FOR THE EASTERN DISTRICT OF VIRGINIA

 3                    (Alexandria Division)

 4     ------------------------------------

 5  UNITED STATES OF AMERICA,

 6          Plaintiff,

 7      v.                                     No. 1:17cr284

 8  CHRISTOPHER ROBERT SUEIRO,

 9          Defendant.

10     ------------------------------------

11                                       Alexandria, Virginia

12                                            March 15, 2019

13

14

15

16          The above-entitled matter came on to be

17  heard before the HONORABLE ANTHONY J. TRENGA, Judge

18  in and for the United States District Court for the

19  Eastern District of Virginia, located at 401

20  Courthouse Square, Alexandria, Virginia, commencing

21  at 10:11 a.m., before Rebecca Monroe, RPR, when were

22  present on behalf of the respective parties:
```

| | |
|---|---|
| 1 | A P P E A R A N C E S |
| 2 | |
| 3 | ON BEHALF OF THE PLAINTIFF: |
| 4 | KELLEN DWYER, ESQUIRE |
| 5 | JAMES BURKE, ESQUIRE |
| 6 | United States Attorney's Office |
| 7 | Eastern District of Virginia |
| 8 | 2100 Jamieson Avenue |
| 9 | Alexandria, Virginia  22314 |
| 10 | (703) 299-3700 |
| 11 | |
| 12 | ON BEHALF OF THE DEFENDANT: |
| 13 | EUGENE GOROKHOV, ESQUIRE |
| 14 | Burnham & Gorokhov, PLLC |
| 15 | 1424 K Street, Northwest |
| 16 | Suite 500 |
| 17 | Washington, DC  20005 |
| 18 | (202) 386-6920 |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

| | |
|---|---|
| 1 | P R O C E E D I N G |
| 2 | - - - - - - - - - - |
| 3 | THE CLERK:  Criminal Case Number 1:17cr284, |
| 4 | United States versus Christopher Robert Sueiro.  And |
| 5 | counsel will you please note your appearances for |
| 6 | the record. |
| 7 | MR. GOROKHOV:  Your Honor, since the |
| 8 | Government is late, I'll go first. |
| 9 | THE COURT:  All right. |
| 10 | MR. GOROKHOV:  Eugene Gorokhov on behalf |
| 11 | Mr. Sueiro. |
| 12 | MR. DWYER:  Good morning, Your Honor. |
| 13 | Kellen Dwyer and Jim Burke for the United States. |
| 14 | THE COURT:  Thank you.  We're here on two |
| 15 | motions, one is for an additional competency exam of |
| 16 | Mr. Sueiro and the second is a motion to withdraw as |
| 17 | counsel.  I reviewed both motions.  Mr. Gorokhov, |
| 18 | I'd hear anything further you'd like to say about |
| 19 | this. |
| 20 | MR. GOROKHOV:  Yes, Your Honor.  Before I |
| 21 | get into that, if I may, since I have not been able |
| 22 | to meet with Mr. Sueiro -- I've tried to do it again |

1  this morning -- there are just two quick things I'd
2  like to put on the record before the Court and
3  before Mr. Sueiro, since I haven't been able to meet
4  with him.
5        Number 1, I have had an informal discussion
6  with the Government about the plea offer.  I haven't
7  been authorized to pursue a formal plea offer, but I
8  wanted to put on the record that I did discuss that
9  with the Government.  It would be to one count of
10 receipt and it would be a plea that would require
11 Mr. Sueiro to waive the suppression issue.  I just
12 wanted to put that before the Court --
13        THE COURT:  All right.
14        MR. GOROKHOV:  -- In front of Mr. Sueiro.
15        THE COURT:  All right.
16        MR. GOROKHOV:  Secondly, the Government has
17 proposed a number of stipulations.  I think some of
18 them may be favorable to Mr. Sueiro, but we're not
19 in a position to sign them because they require, in
20 my understanding, the consent of the defendant.
21        THE COURT:  Right.
22        MR. GOROKHOV:  With respect to the motion

```
 1   to withdraw, Your Honor, I think the -- the -- the

 2   papers largely address the issue.  I think the --

 3   the key here, Your Honor, is that Mr. Sueiro has, in

 4   the past, successfully and productively worked with

 5   other counsel, and he has successfully worked with

 6   two state public defenders, he has had a productive

 7   relationship that ended with the Federal Defender's

 8   Office.

 9           So one thing that's sure, that's definite,

10   100 percent, is that he will not work with me.  So

11   the reason I filed a motion to withdraw is because

12   he's made it clear he does not wish to have me

13   represent him and I think there's at least some

14   chance -- a non zero chance that he may have a

15   productive relationship with another attorney,

16   should another attorney be appointed.  So I just

17   wanted to stress that as to the motion to withdraw.

18           THE COURT:  All right.  Do you want to

19   speak to the motion for additional competency exam?

20           MR. GOROKHOV:  Yes, Your Honor.

21           THE DEFENDANT:  I challenge the

22   jurisdiction at this time.
```

US v. Sueiro

6
3/15/2019

```
 1              THE SECURITY OFFICER:  Just have a seat.
 2              THE DEFENDANT:  I also filed a motion to
 3   dismiss for the fact that my Sixth Amendment right
 4   to speedy trial has been violated.  You did not
 5   mention that.  I have it right here, a copy of it.
 6   I just filed --
 7              THE COURT:  Sir, please be quiet.
 8              THE DEFENDANT:  It's my right to file this
 9   motion and to have it addressed in the court.
10   Furthermore, Mr. Trenga, as you well know, now that
11   I've issued a challenge to jurisdiction --
12              THE COURT:  This is --
13              THE DEFENDANT:  -- you are required by law
14   to --
15              THE COURT:  Mr. Sueiro, I'm asking you to
16   be quiet.
17              THE DEFENDANT:  By law, once I challenge
18   jurisdiction, you must, by law --
19              THE COURT:  Remove him.
20              THE DEFENDANT:  I'm not leaving on my own
21   two feet today.  No.  It's my right to do this.
22              THE SECURITY OFFICER:  Come on.
```

1    THE DEFENDANT: It is my right to file this
2  motion to dismiss. My -- the day -- the deadline
3  was May 1st last year.
4        (The defendant was removed from the
5  courtroom.)
6        MR. GOROKHOV: Your Honor, as to the -- as
7  to the motion for a competency evaluation, I
8  think -- I hate -- I don't mean to make light of the
9  situation, but I think what we have here is
10 Exhibit A. And -- and the new information, Your
11 Honor, the Government has -- has argued that -- that
12 Mr. Sueiro is essentially trying to game the system.
13 I would disagree, I think that's their editorial
14 version of what's happening.
15       I think what's happening here, Your Honor,
16 is that Mr. Sueiro has been told by the Court, not
17 once but twice, exactly what he has to do to
18 assert -- to assert his right to self
19 representation, and he's clearly not able to do it,
20 Your Honor. He's not able to work with counsel,
21 he's not able to follow the instructions of the
22 Court. And I think that, you know, respectfully I

1 would submit, Your Honor, I think that's strong
2 evidence that he's not able to assist in his
3 defense.
4             THE COURT:  All right.  Let me hear from
5 the Government.
6             MR. DWYER:  Your Honor, we would largely
7 rest on our papers.  The Court is, I think, well
8 aware of the situation, I think, generally.  In
9 terms of the motion to withdraw, I'm not
10 unsympathetic to the situation --
11             THE COURT:  What about a competency motion?
12 I know we've had -- we've had three, four competency
13 exams.
14             MR. BURKE:  We had one unofficial and
15 two --
16             MR. DWYER:  So three.  I mean, I think --
17             THE COURT:  Two to one, I think he was
18 found incompetent in one and competent in two
19 others.
20             MR. DWYER:  I believe that's correct.  Some
21 of this predates my time on this case.  But, yeah, I
22 mean, again, I'm not a mental health professional so

```
 1  we differ to what the experts have said.  And, you
 2  know, there is the County of Maryland concern of
 3  there's a speedy trial right; and at a certain point
 4  we want to try to get this case tried if it's at all
 5  possible.
 6           THE COURT:  Mr. Gorokhov.
 7           MR. GOROKHOV:  Yes, Your Honor.  The one
 8  other thing that I pointed out here is that as
 9  Dr. Murray said in his letter and I think the
10  Government doesn't disagree, which is that
11  competency is a fluid state.  So, you know, a person
12  could be competent a year ago and not competent now.
13           And I -- again, I think the evidence that's
14  before the Court since I came into the case is
15  compelling evidence that these prior evaluators did
16  not have.  I know this is a difficult situation for
17  everybody.  I know it pains me to ask the Court to
18  do this because I know Mr. Sueiro doesn't want to be
19  in this situation with another competency
20  evaluation, but I also know he doesn't want to be
21  convicted, and I know he doesn't want to be
22  represented by me.  So, Your Honor, I think I'm duty
```

1  bound to press the issue --

2          THE COURT:  Right.

3          MR. GOROKHOV:  -- of competency.

4          THE COURT:  I understand.  Mr. Gorokhov,

5  you're in a difficult position.  I'm not going to

6  grant your motion to withdraw.  Mr. Sueiro obviously

7  has made it difficult for you to discharge your

8  normal functions as a lawyer, but there is no reason

9  to think he would act any differently with any other

10 lawyer.  You're the second lawyer that we've been

11 through this with.

12         I do have concerns about his competency.  I

13 always have.  The -- the findings and evaluations

14 notwithstanding the clearly -- exacting a way to be

15 viewed simply as disruptive and gaming the system,

16 but it also could be viewed as simply someone who

17 doesn't understand the process that would be used to

18 adjudicate his guilt.

19         It's -- it's with great reluctance that I

20 am going to order an additional competency exam.

21 And he'll be -- he'll be -- there's reason to

22 believe that he is, at this point, incompetent to

1   stand trial, notwithstanding the earlier findings.

2   And so the Court will order a competency exam and

3   continue the trial pending the finding of -- finding

4   of the evaluator.

5           What I would like you to do, if possible,

6   is to have it done locally.  I'm not sure if that's

7   going to be possible or not.  I'll -- I'll confer

8   with the probation and see if we can't have it done

9   locally.

10          MR. GOROKHOV:  Yes, Your Honor.  And one --

11          THE COURT:  And if you could facilitate

12  those discussions, the Court would appreciate it.

13          MR. GOROKHOV:  Yes, Your Honor.  We can.

14  And, you know, I don't if the Court wants this to be

15  done by someone that's appointed.  I know Dr. Murray

16  is certainly willing to -- to participate in the

17  process or conduct the competency evaluation, if

18  that would be possible.

19          THE COURT:  All right.  Why don't you

20  consult with the Government and you can agree on the

21  appointment of the doctor, submit that to the Court.

22          MR. GOROKHOV:  Thanks, Your Honor.  And

```
 1  there's a quick issue on the -- the ex parte matter.
 2  I never received a copy of any ex parte order.  I
 3  don't know what the --
 4           THE COURT:  Oh, okay.
 5           MR. GOROKHOV:  If it would be okay with --
 6  with Your Honor, I can just call chambers and
 7  discuss --
 8           THE COURT:  Yes, chambers.
 9           MR. GOROKHOV:  Thank you, Your Honor.
10           THE COURT:  All right.
11           MR. BURKE:  Thank you, Your Honor.
12           THE COURT:  Thank you.
13           MR. DWYER:  Thank you, Your Honor.
14           (Whereupon, the proceedings at 10:20 a.m.
15  were concluded.)
16
17
18
19
20
21
22
```

1    COMMONWEALTH OF VIRGINIA AT LARGE, to wit:

2         I, REBECCA MONROE, Court Reporter and

3    Notary Public in and for the Commonwealth of

4    Virginia at Large, and whose commission expires

5    August 31, 2021, do certify that the foregoing is a

6    true, correct, and full transcript of the

7    proceedings.

8         I further certify that I am neither related

9    to nor associated with any counsel or party to the

10   proceedings; nor otherwise interested in the event

11   thereof.

12

13

14   _____

15

16              Rebecca Monroe

17              Notary Public

18              Commonwealth of Virginia at Large

19              Notary No. 7243327

20

21

22