```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
 2                   ALEXANDRIA DIVISION

 3   UNITED STATES OF AMERICA,    )  Case 1:17-cr-00284
                                  )
 4              Plaintiff,        )
                                  )
 5        v.                      )  Alexandria, Virginia
                                  )  May 24, 2018
 6   CHRISTOPHER ROBERT SUEIRO,   )  2:01 p.m.
                                  )
 7              Defendant.        )
                                  )  Pages 1 - 10
 8

 9   TRANSCRIPT OF GOVERNMENT'S SECOND MOTION FOR MENTAL

10     EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCE TO

11                        STAND TRIAL

12                            AND

13      DEFENDANT'S MOTION FOR A FARETTA HEARING

14        BEFORE THE HONORABLE ANTHONY J. TRENGA

15            UNITED STATES DISTRICT COURT JUDGE

25      COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

Rhonda F. Montgomery   OCR-USDC/EDVA   (703) 299-4599

```
 1  APPEARANCES:

 2  FOR THE PLAINTIFF:

 3       JAMES E. BURKE, ESQUIRE
         MAYA D. SONG, ESQUIRE
 4       OFFICE OF THE UNITED STATES ATTORNEY
         2100 Jamieson Avenue
 5       Alexandria, Virginia   22314
         (703) 299-3700
 6
    FOR THE DEFENDANT:
 7
         ELIZABETH A. MULLIN, ESQUIRE
 8       OFFICE OF THE FEDERAL PUBLIC DEFENDER
         1650 King Street, Suite 500
 9       Alexandria, Virginia   22314
         (703) 600-0800
10
         ELSBETH J. BENNETT, ESQUIRE
11       CLEARY GOTTLIEB
         2000 Pennsylvania Avenue, N.W.
12       Washington, D.C.   20006
         (202) 974-1500
13
    THE DEFENDANT, CHRISTOPHER ROBERT SUEIRO, IN PERSON
14

15

16

17

18

19

20

21

22

23

24

25
```

1　　　　　　THE CLERK: Criminal Case 1:17-cr-284, *United
2 States of America v. Christopher Robert Sueiro.*
3　　　　　　Will counsel please identify themselves for
4 the record.
5　　　　　　MR. BURKE: Good afternoon, Your Honor. Jim
6 Burke and Maya Song on behalf of the United States.
7　　　　　　MS. MULLIN: Good afternoon, Your Honor.
8 Elizabeth Mullin and Elsbeth Bennett on behalf of
9 Mr. Sueiro.
10　　　　　　THE COURT: All right. Thank you.
11　　　　　　We're here on two motions, the government's
12 second motion for a mental examination and the
13 defendant's motion to proceed *pro se* which I've
14 reviewed. I'm going to take up the defendant's motion
15 first.
16　　　　　　THE DEFENDANT: I'm challenging jurisdiction.
17　　　　　　THE COURT: Have a seat, Mr. Sueiro.
18　　　　　　THE DEFENDANT: I can say it from sitting
19 down too.
20　　　　　　THE COURT: Hold on a moment.
21　　　　　　Ms. Mullin --
22　　　　　　THE DEFENDANT: There are several case laws
23 that say that jurisdiction can be challenged at any
24 time. I'm challenging jurisdiction at this time.
25　　　　　　THE COURT: Let me ask you: Do you want to

1  put anything on the record before we proceed with the
2  *Faretta* hearing on the defendant's motion?
3           MS. MULLIN:  No, Your Honor.  With respect to
4  the government's motion, I would just stand by the
5  Court's previous ruling, that Mr. Sueiro is competent
6  to stand trial, and ask the Court to proceed with the
7  *Faretta* hearing.
8           THE COURT:  All right.
9           THE DEFENDANT:  I just --
10          THE COURT:  Mr. Sueiro, please be quiet.
11          THE DEFENDANT:  I have a right to
12 challenge -- jurisdiction can be challenged at any
13 time.
14          THE COURT:  Mr. Sueiro, I understand that you
15 want to represent yourself.  Is that correct?  Is that
16 correct?
17          THE DEFENDANT:  Right now I'm trying to
18 challenge jurisdiction as is my right to do.
19          THE COURT:  Well, I'm asking you:  Do you
20 still want to pursue your motion to be represented by
21 yourself without a lawyer?
22          THE DEFENDANT:  And I am answering your
23 question by saying that, as says it says in *Basso v.*
24 *Utah Power Light Company*, jurisdiction may be
25 challenged at any time, and I am challenging

Case 1:17-cr-00284-RDA   Document 163   Filed 09/06/19   Page 5 of 10 PageID# 1099

5

```
 1  jurisdiction.
 2            THE COURT:  First of all, Mr. Sueiro, would
 3  you come to the podium, please.
 4            THE DEFENDANT:  Yes.  I was wanting to do
 5  that anyway.
 6            THE COURT:  The first order of business is
 7  for the Court to determine whether you should be
 8  allowed to represent yourself as you have requested
 9  through counsel in your motion.  Do you want to proceed
10  with that motion?
11            THE DEFENDANT:  As I said, I am challenging
12  jurisdiction at this time.
13            THE COURT:  Well, I am not going to take that
14  up until we determine who is going to represent you,
15  whether you're going to represent yourself or whether
16  you're going to be represented through counsel.
17            THE DEFENDANT:  Well, this --
18            THE COURT:  We're going to proceed in that
19  fashion, sir.  Now, listen to me.
20            THE DEFENDANT:  Right.  This case law says
21  jurisdiction can be challenged at any time.  Then
22  another one, *Main v. Thiboutot*, says the law provides
23  that once state and federal jurisdiction has been
24  challenged, it must be proven.  There is no delay in
25  that.
```

```
 1            THE COURT:  Sir, do you understand what I'm
 2  saying?
 3            THE DEFENDANT:  I do not understand what
 4  you're saying, but I do clearly overstand everything
 5  you have said and ever will say to me.
 6            As the law requires, I am challenging
 7  jurisdiction.  Once it is challenged, it must be proven
 8  and cannot be assumed.  There are other case law that
 9  state that as well.
10            THE COURT:  Mr. Sueiro, do you understand
11  why --
12            THE DEFENDANT:  *Stuck v. Medical Examiner*
13  says challenged --
14            THE CLERK:  Mr. Sueiro --
15            THE DEFENDANT:  -- jurisdiction cannot be
16  assumed.  It must be proven to exist.
17            THE COURT:  -- do you understand why you're
18  in court here today?
19            THE DEFENDANT:  I do not, but I do overstand
20  everything you say, as I said.
21            THE COURT:  All right.
22            THE DEFENDANT:  There is no discretion to
23  ignore lack of jurisdiction, *Joyce v. U.S.*, and it
24  goes on and on.
25            There's also Title 5 U.S.C. § 556(d), which
```

1  states once jurisdiction is challenged, the burden of
2  proof is on the government.
3          Very clearly these case laws --
4      (Ms. Mullin and the defendant confer.)
5          THE DEFENDANT: I know what he's asking, and
6  I'm answering in this fashion.
7          These case laws state very clearly that once
8  jurisdiction is challenged -- and it can be challenged
9  at any time. As it says right here in *Basso v. Utah*
10 *Power Light Company,* it must be proven, and it cannot
11 just be assumed. I have now decided to challenge
12 jurisdiction at this time. So, therefore, that
13 obligates you by law to answer my challenge of
14 jurisdiction first and foremost before any other court
15 proceedings can take place. That puts a halt on any
16 and all court proceedings unless and until jurisdiction
17 can be proven.
18         THE COURT: All right. Mr. Sueiro, I will
19 tell you that the Court has jurisdiction. To the
20 extent the Court entertains that motion, the Court
21 finds it has jurisdiction.
22         Are you now ready to proceed?
23         THE DEFENDANT: I have to read this because
24 what you said is actually not correct there,
25 Mr. Trenga. It says in *Rescue Army v. Municipal Court*

1  *of Los Angeles* a court has no jurisdiction to determine
2  its own jurisdiction for a basic issue in any case
3  before a tribunal is its power to act.  A court must
4  have the authority to decide that question in the first
5  instance.
6          So what you just attempted to do there,
7  Mr. Trenga, cannot actually be done by law.
8      (Ms. Mullin and the defendant confer.)
9          THE DEFENDANT:  I got this.  If you recall,
10 Ms. Mullin, you actually were fired back on May 10.  So
11 I don't need your advice.  I can handle this.  Thank
12 you.  I appreciate it, but I'm competent.
13         THE COURT:  All right.  Have a seat,
14 Mr. Sueiro.
15         THE DEFENDANT:  And I have a motion to
16 dismiss based on that, and I can go into further detail
17 if it is needed.
18         THE COURT:  All right.
19         THE DEFENDANT:  I have plenty more to speak
20 of.
21         THE COURT:  Based on Mr. Sueiro's responses
22 to the Court's questions and his general demeanor, as
23 well as the substance of his --
24         THE DEFENDANT:  My Sixth Amendment right to
25 speedy trial has been violated --

1  THE COURT: -- as well as the substance of
2 his responses --
3  THE DEFENDANT: -- and my challenge of
4 jurisdiction must be proven at this point.  You must
5 prove that my Sixth Amendment right to speedy trial has
6 not been violated or else my challenge of jurisdiction
7 stands and my motion to dismiss must lawfully be
8 granted.
9  THE COURT:  Mr. Sueiro, I don't want to
10 direct the marshals to forcibly keep you quiet.  I ask
11 that you cease right now from speaking while the Court
12 is speaking.
13  THE DEFENDANT:  I am only asserting my
14 rights, Mr. Trenga.
15  THE COURT:  In any event, the Court finds
16 based on the defendant's responses and appearance here
17 today that he should be committed for --
18  THE DEFENDANT:  Motion to dismiss --
19  THE COURT:  He should be further committed
20 for a psychiatric examination in order to determine
21 whether he's competent to stand trial and that he
22 appreciates the consequences of the proceedings against
23 him and whether he's competent to assist in his defense
24 either *pro se* or to properly assist his lawyer.
25  THE DEFENDANT:  *US v. Willis,* he or she does

1  not have a jurisdiction to act when judges engage in an
2  act or acts of treason.  Do you intend to betray the
3  country in this way, Mr. Trenga, knowing the law and
4  still choosing to ignore it?
5           THE COURT:  All right.  The Court will issue
6  that order.
7           MR. BURKE:  Thank you, Your Honor.
8           THE DEFENDANT:  When violating a
9  constitutional right to my ability --
10          THE COURT:  Counsel is excused, and the
11 defendant is remanded and committed for further
12 psychiatric examination.
13          THE DEFENDANT:  And I will sue you.
14          ------------------------------------
                     Time:  2:09 p.m.

     I certify that the foregoing is a true and
   accurate transcription of my stenographic notes.

                                    _____/s/_____
                                    Rhonda F. Montgomery, CCR, RPR